LUCY J. LUMBARD, Executrix, etc.

*v.*

MATTHEW ABBEY *et al.*

1. NOTICE— *possession is notice of all claims of title, equitable and legal.*
Possession of land by a person, and a claim of right, is sufficient to charge
all persons with notice of his right, whether legal or equitable.

2. MISTAKE *in description of land in deed—when corrected.* Where the
purchaser of land goes into possession and exercises acts of ownership over
it for a number of years, such possession is notice to one afterwards obtain-
ing a judgment against his grantor, of his equitable title, although by
mistake in his deed another piece of land was described instead of that
purchased, and a court of equity will enjoin such judgment creditor from
selling the land on execution, and will correct the mistake in the deed.

WRIT OF ERROR to the Circuit Court of Whiteside county;
the Hon. W. W. HEATON, Judge, presiding.

Mr. C. J. JOHNSON, and Mr. A. C. JOHNSON, for plaintiff in
error.

Messrs. J. McCOY & SONS, for defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, to correct a mistake in the de-
scription in a deed.

On the 5th day of December, 1866, Abram Lumbard pur-
chased from Matthew Abbey the east half of the north-west
quarter of section 25, and the west half of the south-east quar-
ter of section 24; also, a part of the south-east quarter of the
north-east quarter of said section 24, particularly described by
metes and bounds, consisting of 20 acres, all in township 20,
of range 3 east of the fourth principal meridian, for the sum
of $5,500, which was fully paid. Abbey, at the time, attempted
to make a deed to Lumbard for the lands, and did execute
to him a deed which conveyed the two eighties, but, by a mis-
take in drafting the deed, instead of conveying the aforesaid part
of the south-east quarter of the north-east quarter of section 24,
it in fact conveyed a part of the south-west quarter of said

12—73D ILL.

north-east quarter. At the October term, 1870, of the circuit court of Whiteside county, in which these lands are situated, Mitchell obtained a judgment against Abbey for the sum of $569.47, and afterwards sued out an execution thereon, which the sheriff of Whiteside county had levied upon the 20 acre piece of land so purchased, and situated in the south-east quarter of the north-east quarter of section 24, as the land of Abbey. The bill was filed to enjoin the sale of this land by the sheriff, and to correct the mistake. The court below, on final hearing, dismissed the bill, and this writ of error was brought to reverse the decree.

The proof of the mistake is clear, making it the only question, whether Mitchell's judgment became a lien upon this 20 acre piece of land as the land of Abbey.

Under our statute, "all deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record." It is conceded by counsel for plaintiff in error, that by this statute, and the construction which this court has placed upon it, the lien of a judgment creditor *without notice* attaches to all the land which appears of record to be in the name of the judgment debtor. It has been repeatedly held by this court that whatever is sufficient to put a prudent person upon inquiry is sufficient to charge him with notice; and that possession of land by a person under a claim of right is sufficient to charge all persons with notice of his right, whether legal or equitable. *McConnel* v. *Reed*, 4 Scam. 117; *Morrison* v. *Kelly*, 22 Ill. 623; *Reeves, Stevens & Co.* v. *Ayers et al.* 38 id. 419; *Lyman* v. *Russell et al.* 45 id. 281.

There may be said to be really no dispute about the facts, the controversy being as to their effect.

Immediately upon his purchase, Lumbard moved on the premises purchased, with his family, where he continued to

reside up to the time of the commencement of this suit. Abbey removed to the town of Albany, in Whiteside county, some nine miles distant from the land, where he has ever since resided.

At the time of the purchase the lands composed one farm. The two eighty acre tracts were inclosed with a fence, and all under cultivation except the north half of the eighty on section 24; on this north half were the house, barn, smoke house, orchard and pasture, there being about fifteen acres of timber upon it. The twenty acre piece purchased was timber land, and cornered with the north-east corner of the eighty in section 24, being the west half of the south-east quarter of the north-east quarter of section 24. As described in the deed, it cornered with the eighty in 24, but at the north-west corner. This 20 acre piece purchased was uninclosed, and without any improvement or cultivation upon it. It was a portion of a larger body of timber of 200, or, as one witness testifies, of 480 acres lying to the east and north of it, uninclosed. There was a fence on the west and south lines. Abbey, previous to the sale to Lumbard, had used this twenty acre piece as a wood lot to the farm, cutting and obtaining therefrom his fuel and fencing material; and subsequent to the purchase, Lumbard had continued to use it in the same way up to the time the bill was filed, October 19, 1872, a period of about six years. Although, to some extent, fuel and fencing were obtained from the fifteen acres of timber on the eighty the house was on, we gather from the evidence that they were chiefly got from the twenty acre piece. Lumbard paid all the taxes on it after he purchased. Mitchell testifies, that previous to 1870 he had heard that Abbey had sold a farm out in the country.

In *Brooks* v. *Bruyn*, 18 Ill. 542, this court said, actual possession of land may arise in different ways, as  *  *  by the use and control of timber land belonging to a farm or homestead, although disconnected therewith, for ordinary supply of wood or timber for such farm or homestead; and see same case, 24 Ill. 372. And in *Morrison* v. *Kelly*, *supra*, it was said that there may be actual possession of real estate when there is

180      · Lumbard, etc. *v.* Abbey *et al.*      [Sept. T.

Opinion of the Court.

an occupancy such as the property is capable of, according to its adaptation to use; that to constitute such a possession there must be such an appropriation of the land to the individual as will apprise the community in its vicinity that the land is in the exclusive use and enjoyment of such person; that it has been held that neither actual occupancy, cultivation nor residence is necessary to constitute actual possession. In *Williams* v. *Buchanan,* 1 Iredell, 540, the court said: Possession of land is denoted by the exercise of acts of dominion over it, in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show that they are done in the character of owner, and not of an occasional trespasser. In *Lyman* v. *Russell et al. supra,* where all the possession by Lyman consisted in breaking up a portion of the land, the court say: "We think this possession by Lyman was sufficient notice to put a subsequent purchaser on inquiry, and should operate as legal notice to him of Lyman's rights." It was said that the mortgagee, in taking the mortgage from Bandy, should have inquired into these acts and have ascertained by what authority they were done, and what interest the party doing them had in the land; that such an inquiry would have brought to light the unrecorded deed from Bandy to Lyman for the land.

We are of opinion that the evidence brings this case fully within the range of the foregoing authorities; that there was such a use by Lumbard of this twenty acre piece of land as a wood lot to his farm, and for such a length of time, situated as it was, as would apprise the community in its vicinity that he was in the exclusive use and enjoyment of its possession; and that it was sufficient to put a creditor or purchaser on inquiry at the time Mitchell obtained his judgment, and to charge him with notice of Lumbard's interest in the land.

The decree of the court below will be reversed and the cause remanded.

*Decree reversed.*